Erlichman *v.* Erlichman, Appellant.

Argued June 13, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Zvi Erlichman,* appellant, in propria persona.

*M. Mark Mendel,* with him *Mendel and Killeen,* for appellee.

OPINION BY FLOOD, J., September 12, 1963:

The master's report filed in this case shows adequate grounds for the grant of a divorce to the plaintiff and a decree was entered by the court below in accordance with his recommendation. The defendant indicated that he did not wish to contest the divorce and did not appear at the hearing. However, after he received a copy of the master's report he wrote a letter to the court asking for an opportunity to present evidence. The matter was referred back to the master for rehearing but on the day before the date fixed for re-

hearing counsel for the defendant wrote to the master saying that he would not contest the divorce or appear at the hearing.

The defendant has filed a brief and argued his appeal in person. His argument consisted almost entirely of a recitation of facts not of record. He contradicted certain statements made by the plaintiff at the hearing and made a series of statements detrimental to her. None of these facts can be considered by the court at this time. He was afforded two opportunities to appear and testify before the master and failed to take advantage of either. He has come into this court with unsworn and unpersuasive statements of fact which were not offered to the master or the court below. He offers no legal arguments as to why the plaintiff is not entitled to her divorce if the evidence which she gave at the hearing is believed. The master found her worthy of credit, the lower court affirmed this, and her evidence is amply sufficient to warrant a divorce.

We approve the following statement from the opinion of President Judge GOLD: "The credibility of the plaintiff as revealed by the notes of testimony was carefully scrutinized and we were convinced and are convinced, as was the Master, that the evidence clearly demonstrates the love and affection upon which the matrimonial status rests had been permanently replaced by hatred and estrangement. For more than six years the defendant engaged in a course of conduct consisting of unmerited reproach, intentional incivility, manifest disdain, abusive language and malignant ridicule that rendered the wife's condition intolerable and life miserable, so that she became ill and nervous, losing appetite and weight."

The decree is affirmed.